# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CR-112-JHP |
| ) | |
| VICENTE TREVINO-HERNANDEZ, ) | |
| ) | |
| Defendant. ) | |

## OPINION & ORDER

Before the Court are Defendant Vicente Trevino-Hernandez's Motion to Stay Deportation [Doc. No. 24], and the United States' Motion to Dismiss Defendant's Motion to Stay Deportation for Lack of Jurisdiction [Doc. No. 26]. For the reasons stated below, the Motion to Dismiss Defendant's Motion to Stay Deportation for Lack of Jurisdiction is GRANTED and the Motion to Stay Deportation is DENIED.

## BACKGROUND

On July 8, 2010, an indictment charged Trevino-Hernandez with being an alien in the United States after previous deportation. [Doc. No. 2]. Trevino-Hernandez pleaded guilty to this indictment. On December 2, 2014, this Court sentenced Trevino-Hernandez to seventy-two months of imprisonment. [Doc. No. 19]. Trevino-Hernandez did not appeal his conviction or sentence. At the time of filing his Motion, Trevino-Hernandez was incarcerated at the Coleman Correctional Institution in Coleman, Florida. [Doc. No. 24 at 1]. He remains in the custody of the Bureau of Prisons, with an estimated release date of August 21, 2015.

On December 15, 2014, Trevino-Hernandez filed a Motion to Stay Deportation, on the ground that he fears torture and death at the hands of a drug cartel and Mexican Law

1

Enforcement Officers acting on the cartel's behalf if he is removed to Mexico. [Doc. No. 24 at 2]. The government responded with a Motion to Dismiss Trevino-Hernandez's Motion, on the ground that this Court lacks jurisdiction over his deportation proceedings. [Doc. No. 26]. Trevino-Hernandez submitted a Reply on February 17, 2015.

**ANALYSIS**

"Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). The "party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction." *Id.* (*quoting Penteco Corp. Ltd. Partnership–1985A v. Union Gas Sys., Inc.,* 929 F.2d 1519, 1521 (10th Cir.1991)).

With respect to immigration cases, challenges to most administrative orders of removal, deportation, or exclusion are reviewable exclusively by the appropriate Court of Appeals, not by a federal district court. *See* 8 U.S.C. §1252(a)(5); *Hem v. Maurer*, 458 F.3d 1185, 1188 n.3 (10th Cir. 2006) ("The REAL ID Act, inter alia, shifted certain immigration disputes formerly raised through habeas corpus in the district courts to the courts of appeals and converted them into petitions for review. Pub.L. No. 109-13, 119 Stat. 231 (2005)"). The Tenth Circuit recently noted it was "unaware of any statutory or common-law authority permitting a federal court to intervene in an alien's ongoing deportation proceedings to order withholding of removal, or to otherwise stay an alien's removal." *Valdovinos-Blanco v. Holder*, 557 Fed. App'x 793, 794 (10th Cir. Mar. 4, 2014) (internal alterations omitted).

In this case, Trevino-Hernandez has not established that this Court has jurisdiction to consider his Motion on the merits. Trevino-Hernandez seeks a stay of the deportation proceedings against him, which is outside of this Court's jurisdiction. Trevino-Hernandez may

seek a stay of his removal only through a petition filed with the appropriate Court of Appeals. Even if Trevino-Hernandez were seeking to challenge his detention pursuant to 28 U.S.C. § 2241, which does not appear to be the case, he must make such a challenge in the district where he is confined, not in this district. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Accordingly, the Court must dismiss Trevino-Hernandez's Motion to Stay Deportation for lack of jurisdiction.

## CONCLUSION

Therefore, the Court hereby **GRANTS** the Motion to Dismiss Defendant's Motion to Stay Deportation for Lack of Jurisdiction [Doc. No. 26] and **DENIES** the Motion to Stay Deportation [Doc. No. 24].

_____
James H. Payne
United States District Judge
Northern District of Oklahoma